Judgment <em>reversed</em> accordingly.

---

BOGART, appellant, *v.* HERTELL and others, respondents, 4 Hill, 492.

Reported below, 9 Paige, 52 ; and 3 Edw. Ch. R. 20.

*Executor ; Sale of Bond and Mortgage and Misapplica tion of Proceeds.*

APPEAL from Chancery by defendants below.

D. by his will gave the rents and profits of two thirds of his real estate to his daughters for life, the fee to their issue; and the fee of the other third to his grandsons, to take at 21, with the benefit of the income during their minority by way of maintenance. The will then proceeds as follows: "For the more equal and easy division of my estate, I do hereby fully authorize and empower my executors hereinafter named, whenever they shall think it expedient, to sell and dispose of all or any part of my real estate for the most moneys that can be gotten for the same, &c." In pursuance of this authority, the two acting executors sold certain lots of land, parcel of D.'s estate, and took a bond and mortgage in their joint names as executors, for a portion of the purchase money. Afterwards, and prior to the fund being wanted for distribution, one of the executors sold and assigned the bond and mortgage to B., and after misapplying the proceeds, failed.

The Chancellor held, that the sale and assignment by *one* executor alone was unauthorized, and that the assignee acquired no title under the assignment; and that he was only entitled to be protected in equity, so far as the purchase money paid by him was actually applied to the purposes of the trust; or was afterward recovered out of the securites which had been taken for a portion of the purchase money by the executor and trustee who had been guilty of the waste; the Chancellor holding that though at law one executor might dispose of the goods or securities of *the testator*

to a *bona fide* purchaser; yet, that when a note or other security is given to two or more executors *jointly after the death of the testator*, the legal title is in them all; and the concurrence of all is necessary to transfer the legal title to such note or security, to a purchaser.

The Court of Errors held, that though the other executor did not concur in the asssignment, B. the assignee, acquired a valid title to the bond and mortgage, having purchased in good faith; Nelson, Ch. J., and Bockee, senator, denying the Chancellor's distinction between notes and securities given to *executors as such after the death* of their testator, and those left by him, given to him *in his lifetime*, provided the money when received would be *personal assets*, which they maintain the bond and mortgage to have been in equity, as a sale of the real estate was authorized by the will.

Judgment of *reversal*, 16 to 2.